UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA, | No. 2:15-cv-0884-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| VINTAGE KNOOLS AND VINTAGE WOODS, | |
| Defendant. | |

Plaintiff Liudmyla Iegorova, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

As an initial matter, the court notes that the allegations asserted in plaintiff's complaint are rambling, vague, and generally unintelligible.  Nevertheless, when plaintiff's complaint is liberally construed, it appears to allege that plaintiff is a senior citizen who resides in defendant's senior living development where defendant's employees provided plaintiff with an apartment that contained a number of alleged health and safety issues, including a leaky sink, odors emanating from carpeted areas and the kitchen, dust, and damage to the refrigerator, stove, and front door. (ECF No. 1 at 5-6.)  Plaintiff claims that this constitutes a "hostile housing environment." (Id. at 3.)  Plaintiff further appears to allege that defendant's employees committed unspecified acts of "senior citizen harassment" and "senior citizen retaliation" against plaintiff. (Id. at 2.)  She also claims that these unspecified employees "committed crime against [her] privacy, [her] health,

[her] property[,] and intentionally harass[ed her]." (Id.) She further alleges that defendant's management permitted other residents to smoke despite plaintiff's complaints and ignored a report that plaintiff's credit card and plaintiff's caregiver's driver's license had been stolen. (Id. at 8.)

Plaintiff also seems to assert that Helen Brunello, a manager for defendant who is not named as a defendant to this action, committed the crime of perjury during proceedings held before the Sacramento County Superior Court in February of 2012 by falsely stating that plaintiff did not pay her monthly rent to defendant. (Id. at 3.) Furthermore, plaintiff appears to claim that Helen Brunello also burglarized plaintiff's car, "intentionally damaged [plaintiff's] car and tires to bring stress and emotional suffering to [plaintiff]," and eventually stole plaintiff's car. (Id. at 3-4, 6.)

Plaintiff appears to seek compensatory damages for the various expenses plaintiff allegedly incurred as a result of defendant's conduct, in addition to damages for emotional distress and suffering. (Id. at 9-12.)

There are number of problems with the allegations in plaintiff's complaint. First, although the complaint broadly alleges discrimination and retaliation based on her status as a senior citizen, plaintiff fails to allege which federal or state statute, constitutional provision, or other cause of action her claims are based upon. Furthermore, the complaint does not even remotely allege sufficient facts from which the court can draw a reasonable inference that the individuals involved engaged in discrimination or retaliation based on plaintiff's status as a senior citizen.

Second, plaintiff fails to clarify in her complaint what specific claims she is asserting against defendant, what factual allegations support each of those claims, and how defendant is liable for the alleged actions of its employees. Plaintiff's factual allegations concerning defendant's employees' purportedly illegal actions consist largely of vague assertions and conclusory statements that give little indication to the court or to defendant as to what specific act or acts underlie each of plaintiff's claims. In short, based on what the court can ascertain from the complaint, plaintiff does not plead sufficient facts which, if accepted as true, would allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged.

Finally, it appears that the complaint asserts claims against defendant based on allegations of criminal law violations, specifically, allegations of perjury and burglary. However, plaintiff may not premise her claims against defendant on this basis because criminal statutes do not give rise to civil liability. <u>Allen v. Gold Country Casino</u>, 464 F.3d 1044, 1048 (9th Cir. 2006). Similarly, when a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the court. <u>United States v. Batchelder</u>, 442 U.S. 114, 124 (1979). Accordingly, insofar as plaintiff alleges criminal conduct by defendant or its employees, she cannot sue to prosecute these criminal acts, or compel the state or federal government to investigate or prosecute these alleged crimes.

Given the above-mentioned deficiencies, plaintiff's complaint is subject to dismissal. Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could cure such deficiencies, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall clearly identify the named defendant and the names of the employees whose conduct forms the basis of plaintiff's allegations; shall clearly identify the claims plaintiff seeks to bring; shall outline the specific factual allegations in support of those claims; shall state why defendant is liable for its employees' alleged conduct; shall specify the relief sought; and shall be typed or written in legible handwriting.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this juncture, she may alternatively file a notice of voluntary dismissal of her claims

without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order, or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
4. Failure to file either a first amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  June 30, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE