UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>Plaintiff,<br><br>v.<br><br>VINTAGE KNOOLS AND VINTAGE WOODS,<br><br>Defendant. | No. 2:15-cv-0884-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice. Plaintiff twice failed to file an amended pleading despite receiving extra time to do so and despite having been warned of the consequences. Accordingly, for the reasons described below, the undersigned recommends that plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

I.  BACKGROUND

Plaintiff Liudmyla Iegorova is proceeding without counsel in this action.[1]

On June 30, 2015, the undersigned granted plaintiff's application to proceed in forma pauperis, dismissed her complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

granted her leave to file an amended pleading within 28 days.  (ECF No. 3.)  The order concluded, "[f]ailure to file either a first amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)."  (Id. at 5.)

Plaintiff failed to file an amended pleading within the 28-day deadline, and the court subsequently issued an Order to Show Cause ("OSC").  (ECF No. 4.)  The OSC gave plaintiff an extended deadline of November 2, 2015, in which to file (1) an amended pleading and (2) a writing explaining why the case should not be dismissed given plaintiff's delay in meeting the court's deadline.  (Id.)  The undersigned warned plaintiff that a "***failure to file the required writing and amended complaint shall constitute an additional ground for, and plaintiff's consent to, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a)***."  (Id. at 3 (emphasis in original).)

The deadline of November 2, 2015, has long since passed.  Once again, plaintiff has not filed an amended pleading.

## II.     LEGAL STANDARD

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

1  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
2  with these Rules or with any order of the Court may be grounds for imposition by the Court of
3  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
4  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53 ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

III.  DISCUSSION

Although involuntary dismissal can be a harsh remedy, on balance the five relevant Ferdik factors weigh in favor of dismissal of this action. See Ferdik, 963 F.2d at 1260. The first two Ferdik factors strongly support dismissal here. Plaintiff's multiple failures to timely file an amended pleading, despite clear warnings of the consequences (ECF Nos. 3 at 5; 4 at 3) strongly

3

suggest that plaintiff is not interested in seriously prosecuting this case, or at least, does not take her obligations to the court and other parties seriously.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal").  Any further time spent by the court on this case, for which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

Further, this is not plaintiff's first failure to comply with a court order.  When plaintiff initially failed to file an amended pleading after the court's June 30, 2015 order, the court extended plaintiff's deadline to complete such filing and warned plaintiff that another failure to meet the extended deadline would result in a recommendation of dismissal.  (ECF No. 4.)  Yet plaintiff failed to file an amended pleading by the extended deadline and in no way attempted to explain her failure to file an amended pleading.  Despite receiving warnings and multiple chances, plaintiff's failures to comply with court orders demonstrate plaintiff's lack of any serious intention to pursue this case.  See Ferdik, 963 F.2d at 1261.

The third Ferdik factor, prejudice to a defendant, also favors dismissal.  Due to the defects within plaintiff's pleading, service of process upon the defendant has not been ordered.  Nevertheless, the defendant remains named in a lawsuit.  It is difficult to quantify the prejudice suffered by the defendant here; however, it is enough that the defendant has been named in litigation that plaintiff has effectively abandoned.  At a minimum, plaintiff's unreasonable delay in prosecuting this action has prevented the defendant from attempting to resolve this case on the merits.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal of this action.  As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal").  For instance, the

4

court gave plaintiff multiple opportunities to amend her defective pleading.  (ECF Nos. 3, 4.)  The court also advised plaintiff that she was required to actively prosecute this action and follow the court's orders.  (Id.)  It also repeatedly warned plaintiff in plain terms that failure to comply with court orders and failure to file an amended pleading would result in a recommendation of dismissal.  (ECF Nos. 3 at 5; 4 at 3.)  Warning a plaintiff that failure to take steps towards resolution of his or her action will cause the action to be dismissed satisfies the requirement that the court consider alternative measures.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).

      At this juncture, the court finds no suitable alternative to a recommendation that this action be dismissed.  Plaintiff failed to file an amended pleading despite having multiple chances to do so (ECF Nos. 3, 4), and in light of plaintiff's *in forma pauperis* status, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal.  Plaintiff disregarded the court's orders to file an amended pleading even though those orders explicitly warned her that failing to do so would result in a recommendation that this case be dismissed.  (ECF Nos. 3 at 5; 4 at 3.)

      The court also recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a disposition on the merits has been hindered by plaintiff's repeated failures to comply with the court's orders and the rules of litigation procedure.

////

In sum, the court endeavors to give pro se litigants who are unfamiliar with court procedures a fair opportunity to present their cases. As such, the court has given plaintiff several opportunities to amend her defective pleading. Yet plaintiff did not seize upon these opportunities. The court has also provided plaintiff with cautionary instructions and afforded plaintiff some leniency with respect to the litigation. However, at some point, leniency must give way to considerations of limited court resources and fairness to the other compliant litigants.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.   This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2.   The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: November 24, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE